Michael R. DiChiara
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-0303
Fax: 866-417-2333

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------x

TONI BIZZARO,

                  Plaintiff,

          -against-

KARMANADHI, INC., and DHIREN PATEL,
Individually,

                  Defendants.

--------------------------------------------------------x

<u>COMPLAINT</u>

Civil Action No. _____

July Trial Demanded

       Plaintiff Toni Bizzaro ("Plaintiff"), by and through her attorneys, Krakower DiChiara LLC, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against defendants Karmanadhi, Inc. ("Karmanadhi") and Dhiren Patel ("Patel") (collectively "Defendants"), and alleges as follows:

<strong>INTRODUCTION</strong>

    1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and violations of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1 *et seq.*, ("NJWHL").

    2.      Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Defendants**

**Defendant Karmanadhi**

7.      Defendant Karmanadhi is a New Jersey corporation with a main business address at 149 North Beverwyck, Lake Hiawatha, New Jersey.

8.      At all times relevant to this Complaint, Defendant Karmanadhi (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9.      At all times relevant to this Complaint, Defendant Karmandhi was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

2

10.     At all times relevant to this Complaint Defendant Karmandhi was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Defendant Dhiren Patel ("Patel")**

11.     Upon information and belief, Defendant Patel is an officer and/or owner of Defendant Karmandhi.

12.     At all times relevant to this Complaint, Defendant Patel was Plaintiff's supervisor.

13.     At all times relevant to this Complaint, Defendant Patel was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

14.     At all times relevant to this Complaint, Defendant Patel had power over personnel decisions at Karmandhi, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

15.     Upon information and belief, at all times relevant to this Complaint, Defendant Patel had the power to determine employee policies at Karmandhi, including, but not limited to determining whether employees are paid for all hours worked and whether employees are paid overtime wages.

16.     Upon information and belief, at all times relevant to this Complaint, Defendant Patel was actively involved in managing the day-to-day operations of Karmandhi.

17.     At all times relevant to this Complaint Defendant Patel was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Plaintiff Toni Bizzaro**

18.     Plaintiff is a resident of Morris County, New Jersey.

## FACTUAL ALLEGATIONS

19.     At all times relevant to this Complaint, Plaintiff performed the duties of a bartender at Basket of Cheer LTD 2 -- which is Karmanadhi -- at a level that met or exceeded Defendants' reasonable business expectations.

20.     Defendants did the following acts knowingly and willfully.

21.     Defendants have employed Plaintiff as a bartender since October 2015.

**Wage and Hour Violations and Retaliation**

22.     During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff for all the hours that she worked.

23.     During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff at least minimum wage for all the hours that she worked.

24.     During Plaintiff's employment with Defendants, Plaintiff was required to work hours in excess of forty (40) in a workweek without receiving overtime wages as required by law.

25.     Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff for all hours worked in violation of the FLSA and NJWHL.

26.     Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in a workweek in violation of the FLSA and NJWHL.

27.     Plaintiff's typical schedule was 11 am – 6 pm, five days a week.

28.     Plaintiff was paid every two weeks.

29.     When Plaintiff received her paycheck, the amount in her paycheck always reflected that she worked less hours than she actually worked.

30.     Some weeks, Plaintiff would have to cover shifts for other bartenders, and on those occasions she would work more then forty (40) hours per week and Defendants would not compensate her for overtime.

31.     Plaintiff also did work for Defendants off the clock -- such as purchasing supplies at Restaurant Depo and making runs to the bank to make deposits and get change for the bar -- for which she was not compensated.

32.     Plaintiff complained about Defendants pay practices on repeated occasions. Plaintiff's most recent complaint to Defendants about not being paid for all her hours and Defendants' other violations occurred on August 1, 2017.

33.     In retaliation for Plaintiff's complaints, Defendants dramatically reduced Plaintiff's shifts.

34.     On August 16, 2017, Defendants reduced Plaintiff's shifts to one day a week.

35.     In response to Plaintiff's complaints, Defendants advised Plaintiff that she had "no right to ask questions" about her pay.

**FIRST CAUSE OF ACTION**
**(Violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* – Unpaid Wages)**
**(Against All Defendants)**

36.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.     At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and/or

were employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38.     Plaintiff was not exempt from the Fair Labor Standards Act.

39.     The provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

40.     Throughout the statute of limitations period covered by these claims, Plaintiff worked hours for which she was not paid.

41.     Defendants have failed to pay Plaintiff for all hours that Plaintiff worked, including failure to pay Plaintiff minimum wage pursuant to 29 U.S.C. § 206.

42.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff the regular hourly rate for work done for Defendants and willfully failing to keep records required by the FLSA even though Plaintiffs was entitled to pay for the hours she spent working for Defendants.

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

44.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45.     Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

6

46.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid wages, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA and for their unreasonably delayed payment of wages, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Against All Defendants)

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce within the meaning of the FLSA and/or were employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA.

49.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

50.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular rate at which he was employed for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

51.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates, one and a half times the regular rate at which she was employed for hours worked in excess of forty (40) hours per workweek.

52.     Defendants' actions were willful within the meaning of the FLSA.

53.     Defendants' failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

54.     Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(Violations of the NJWHL, N.J.S.A. § 34:11-56a, *et seq.*– Unpaid Wages)**
**(Against All Defendants)**

55.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.     At all times relevant to this Complaint Defendants were and are employers within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

57.     Throughout the statute of limitations period covered by these claims, Plaintiff worked hours for which she was not paid.

58.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff the regular hourly rate for work done for Defendants, and willfully failing to keep records required by the NJWHL even though Plaintiffs was entitled to pay for the hours she spent working for Defendants.

59.     Defendants' failure to comply with the NJWHL caused Plaintiff to suffer loss of wages and interest thereon.

60.     Due to Defendants' NJWHL violations, Plaintiff is entitled to recover unpaid wages and interest owed on unpaid wages held by Defendants over an extended period of time, as well as reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (NJWHL Overtime Violations, N.J.S.A. § 34:11-56a, *et seq.*)
### (Against All Defendants)

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Throughout the statute of limitations period covered by these claims. Plaintiff regularly worked in excess of forty (40) hours per workweek.

63.     At all relevant times, Defendants operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times her regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

64.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

65.     Plaintiff seeks damages in the amount of her respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE FLSA
### (Against All Defendants)

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

67.     At various times during his employment with Defendants, Plaintiff raised complaints with Defendants concerning her failure to be properly compensated for overtime and/or paid for all hours worked.

68.     Defendants' never investigated Plaintiff's complaints or meaningfully addressed her concerns in any way.

69.     In retaliation for her complaints, however, Defendants reduced Plaintiff's shifts.

70.     Defendants' retaliatory actions following her complaints for violations of the FLSA are in direct violation of Plaintiff's rights under 29 U.S.C. § 215(a)(3).

71.     Plaintiff engaged in the protected activity of complaining to her employer regarding issues of owed compensation.  A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

72.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

73.     Plaintiff seeks relief as provided by 29 U.S.C. § 216(b), including, without limitation, back pay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of Section 215(a)(3), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

74.     As Defendants' retaliatory actions were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

75.     Plaintiff also requests damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

### SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE NJWHL
#### (Against All Defendants)

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     At various times during his employment with Defendants, Plaintiff raised complaints with Defendants concerning her failure to be properly compensated for overtime and/or paid for all hours worked.

78.     Defendants' never investigated Plaintiff's complaints or meaningfully addressed his concerns in any way.

79.     In retaliation for her complaints, however, Defendants reduced Plaintiff's shifts.

80.     Defendants' retaliatory actions following her complaints for violations of the NJWHL is in direct violation of Plaintiff's rights under NJWHL, N.J.S.A. 34:11–56a24.

81.     Plaintiff engaged in the protected activity of complaining to her employer regarding issues of owed compensation.  A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

82.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

83.     Plaintiff seeks relief as provided by NJWHL, including, without limitation, back pay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such

legal or equitable relief as may be appropriate to effectuate for purposes of Section 215(a)(3), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

84.     As Defendants' retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

85.     Plaintiff also requests damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on her behalf in accordance with the above claimed causes of action and requests the following:

A.     All compensatory and economic damages;

B.     All reasonable expenses incurred by Plaintiff, including court costs and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C.     Attorneys' fees, including attorneys' fees as provided by statute;

D.     Punitive and statutory damages as authorized by law;

E.     Pre-judgment and post-judgment interest; and

F.     Such further relief as the Court finds just and proper.

Dated: September 18, 2017        Respectfully submitted,

KRAKOWER DICHIARA LLC

By: <u>s/ Michael R. DiChiara</u>

Michael R. DiChiara
One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey 07656
201-746-0303
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.